```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES OF AMERICA,                 :       CASE NO. 1:13-CR-00094
                                          :
        Plaintiff,                        :
                                          :
vs.                                       :       OPINION & ORDER
                                          :       [Resolving Docs. No. 11, 24, 25.]
JEFFREY A. NORWOOD, SR., et al.,          :
                                          :
        Defendants.                       :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 13, 2013, the Government indicted Defendant Jeffery A. Norwood, Sr. on multiple counts related to the distribution and possession of cocaine.[1] Now, Norwood has made three motions. First, he asks the Court to require the Government to notify him of its intent to offer evidence under Federal Rule of Evidence 404(b) or evidence subject to Federal Rule of Criminal Procedure 12(b)(3).[2] Second, he asks the Court to require the Government to divulge its informants' identities and addresses; the contents of its informants' statements; and to produce its informants for a pretrial interview.[3] Third, he asks the Court to require the Government to divulge any consideration or promises given to its witnesses.[4] The Government has responded.[5] For the reasons below, Norwood's motions are **DENIED**.

---

[1] Doc. 1.
[2] Doc. 11.
[3] Doc. 24.
[4] Doc. 25.
[5] Docs. 30, 31, 35.

Case No. 1:13-CR-00094
Gwin, J.

## I. Background

On February 13, 2013, the Government indicted Defendant Norwood on two counts of distribution of cocaine, 21 U.S.C. §§ 841 (a)(1) and (B)(1)(C); one count of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; and one count of attempt to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.[6]

First, the Government says that Norwood distributed cocaine because, in August 2012, its informants made two controlled buys from Norwood.[7] Second, the Government says Norwood conspired to distribute cocaine, beginning in March 2012, with co-conspirator Jacob L. France.[8] Specifically, the Government says that:

> It was a part of the conspiracy that the co-conspirators, including JACOB L. FRANCE, would arrange for packages containing a kilogram or more of cocaine to be shipped from Van Nuys, California, to locations in Painesville, Ohio. The co-conspirators used parcel delivery services, such as FedEx, to ship the cocaine, and concealed the cocaine in packages which contained merchandise, such as record players. The packages were sent to houses in Painesville, Ohio, where family members of JEFFREY A. NORWOOD, SR., resided. Upon the delivery of the packages, JEFFREY A. NORWOOD, SR., would take possession of the parcel, remove the cocaine, and resell the cocaine to other co-conspirators, known and unknown, in Northeast Ohio.[9]

Finally, the Government says in September 2012, it intercepted cocaine hidden in a FedEx parcel that was intended for Norwood, and thus, Norwood attempted to possess cocaine with intent to distribute it.[10]

---

[6] Doc. 1 at 1-3.
[7] Doc. 35 at 3.
[8] *Id.*
[9] *Id.*
[10] *Id.*

Case No. 1:13-CR-00094
Gwin, J.

The Court has scheduled a jury trial for April 22, 2013.[11] Now, Norwood makes three motions.[12] The Government has responded,[13] and the motions are ready for decision. The Court considers them in turn.

**II. Rule 404(b) & Rule 12(b)(3)**

On February 22, 2013, Norwood moved the Court to require the Government to notify him of its intent to offer evidence under Federal Rule of Evidence 404(b) or evidence subject to Federal Rule of Criminal Procedure 12(b)(3). According Norwood, he is entitled to 404(b) evidence so that he "may prepare his defense," because a pre-trial determination may help "counsel for both sides avoid mention of potentially inadmissable matters," and to promote judicial economy.[14] He says he is entitled to 12(b)(3) evidence so that he may have an opportunity to move to suppress certain evidence before trial.[15]

First, the Court finds that Norwood is not entitled to 404(b) evidence because the Government has indicated it will not offer such evidence. Under Federal Rule of Evidence 404(b), the Government must, before trial, "provide reasonable notice of the general nature" of any evidence of crimes, wrongs, or other acts "that the prosecutor intends to offer at trial."[16] The comments to the Rule say that "[o]ther than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the

---

[11] Doc. 33.
[12] Docs. 11, 24, 25.
[13] Docs. 30, 31, 35.
[14] Doc. 11 at 6-7.
[15] *Id.* at 2.
[16] Fed. R. Evid. 404(b).

Case No. 1:13-CR-00094
Gwin, J.

circumstances of each case."[17] The Sixth Circuit has said that "a defendant is not entitled to discover all the overt acts that might be proven at trial."[18]

Here, Norwood has failed to show that the Government intends to offer 404(b) evidence. To the contrary, the Government says that, at this time, it intends to offer only evidence of acts committed by Norwood in furtherance of the conspiracy charged in this case.[19] And the Government is correct that those acts are admissible independently of Rule 404(b).[20] Moreover, the Government says that it will give Norwood pre-trial notice if it decides to use evidence of other acts that are not direct evidence of Norwood's involvement in this conspiracy.[21] Thus, the Court denies Norwood's motion for Rule 404(b) evidence without prejudice. Norwood may raise this issue again if he can show that the Government has failed to meet its Rule 404(b) obligations.

Second, the Court finds that the Government has already given Norwood notice of evidence that may be subject to suppression under Rule 12(b)(3). Here, at the time of Norwood's arraignment, the Government provided Norwood's counsel with copies of search warrants for certain FedEx parcels, Norwood's home, and Norwood's iPhone.[22] The Government also gave Norwood's counsel a list of the items taken during the searches and photographs taken by agents during the search of the FedEx parcel and Norwood's home.[23]

Additionally, the Government gave Norwood's counsel a DEA report, which further

---

[17] *Id.*
[18] *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).
[19] Doc. 31 at 1.
[20] *See United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005) (holding that direct rebuttal evidence was not Rule 404(b) "other acts" evidence).
[21] Doc. 31 at 2.
[22] *Id.*
[23] *Id.*

-4-

Case No. 1:13-CR-00094
Gwin, J.

described evidence seized from Norwood's home and listed certain oral statements made by Norwood during the search.[24] Finally, the Government says Norwood's counsel has asked for additional discovery, which the Government intends to provide.[25] Thus, the Court denies Norwood's motion for Rule 12(b)(3) evidence without prejudice. Norwood may raise this issue again if he can show that the Government has failed to meet its Rule 12(b)(3) obligations.

### III. Informant Information

On March 8, 2013, Norwood moved the Court to order the Government to divulge any considerations or promises it has given or intends to give to its witnesses.[26] He says that such information is "relevant and material to a determination of the witnesses credibility and non-disclosure of [the information] would violate" his "due process rights under the Fifth and Fourteenth Amendments."[27] To support his position, he cites to *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny.

The Court finds that Norwood is not entitled to *Giglio* information at this time because the Government is required only to makes its *Giglio* disclosures in time for effective use at trial. The Sixth Circuit has said that *Giglio* does not give "the defense a general right to pre-trial discovery."[28] Instead, "due process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial."[29] Here, Norwood has failed to offer any specific reason why he needs such information immediately. Moreover, the Government

---

[24] *Id.* at 2-3.
[25] *Id.*
[26] Doc. 25 at 1.
[27] *Id.*
[28] *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).
[29] *Id.*

Case No. 1:13-CR-00094
Gwin, J.

has indicated that it intends to comply with its obligations under *Brady* and *Giglio*.[30] Thus, the Court denies Norwood's motion without prejudice. Norwood may raise this issue again if he can show that the Government has failed to meet its obligations under *Giglio* and *Brady*.

### IV. Informant Information

On March 8, 2013, Norwood moved the court to order the Government to divulge its informants' identities and addresses; the contents of its informants' statements; and to produce its informants for a pretrial interview.[31] According to Norwood, he is entitled to this informant information because it is "relevant and essential to [his] determination of guilt or innocence."[32]

The Court finds that Norwood has failed to meet his burden for disclosure because he has not shown how such disclosure would substantively assist his defense. The government has a limited privilege to withhold the identity of a confidential informant.[33] The privilege is not, however, absolute. "Where disclosure of an informant's identity is relevant and helpful to the defense of an accused, or is essential to a fair adjudication of the case, the privilege must give way."[34]

The burden of establishing the need for disclosure of an informant's identity is on Norwood.[35] A mere request is not sufficient to establish need.[36] And speculation as to helpfulness

---

[30] Doc. 35 at 10.
[31] Doc. 24 at 1.
[32] *Id.* at 3.
[33] *Roviaro v. United States*, 353 U.S. 53, 59–62 (1957); *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir. 1993).
[34] *United States v. Leslie*, No. 4:02CR039, 2002 WL 32059743, at *3 (E.D. Tenn. Oct. 4, 2002) (citing *Roviaro*, 353 U.S. at 60–61) (omitting further citations); *see United States v. Hammons*, 411 Fed. Appx. 837, 843 (6th Cir. 2011).
[35] *See United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992); *United States v. Sharp*, 778 F.2d 1182, 1185 (6th Cir. 1985).
[36] *United States v. Smith*, 90 Fed. Appx. 120, 125 (6th Cir. 2004) (quoting *Sharp*, 778 F.2d at 1187) (holding that the denial of a defense motion to compel disclosure of any informant's identity was not an abuse of discretion where defendant made no showing as to how such disclosure would substantively assist the defense.).

Case No. 1:13-CR-00094
Gwin, J.

also falls short of establishing need.[37] Instead, Norwood must come forward with probative evidence supporting the need for disclosure.[38] Here, Norwood offers only general allegations that "the identity of the informant is necessary to the preparation of his defense and it is essential to the fair determination of his cause."[39] He fails to offer any specific argument about how the disclosure of the informant information would assist his defense. And notably, Norwood failed to file a response to the Government's opposition to his motion.

Moreover, the Government says that, to the extent the informant information is part of its obligations under *Giglio*, *Brady*, and the Jenks Act, it will provide that information to Norwood in accordance with the rules of law from those authorities.[40] Thus, the Court denies Norwood's motion without prejudice. Norwood may raise this issue again if he can show that the Government failed to meet is obligations under *Giglio*, *Brady*, and the Jenks Act.

### V. Conclusion

For the reasons above, the Court **DENIES** Norwood's motions.

IT IS SO ORDERED.

Dated: March 29, 2013    s/ *James S. Gwin*
                         JAMES S. GWIN
                         UNITED STATES DISTRICT JUDGE

---

[37] *See United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir.1990); *Sharp*, 778 F.2d at 1187 (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979) ("Mere conjecture or supposition about the possible relevance of the informant's testimony is insufficient to warrant disclosure.")).

[38] *Sharp*, 778 F.2d at 1187.

[39] Doc. 24 at 5.

[40] *Id.*