UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
: 
UNITED STATES OF AMERICA, : CASE NO. 1:13-CR-94
:
Plaintiff, :
:
vs. : ORDER & OPINION
: [Resolving Doc. No. 53.]
JEFFREY A. NORWOOD, :
:
Defendant. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jeffrey Norwood moves to suppress evidence obtained during and after a search of his residence. The motion is denied.

On September 26, 2010, federal authorities obtained a search warrant for a FedEx parcel addressed to "Michael Norwood," Defendant's deceased brother. That search warrant was partly based on statements from a confidential informant and a positive alert from a drug dog.[1] That search, which Norwood does not challenge, found a kilogram of cocaine.[2] Federal authorities then surveilled the area where the package was to be delivered, and observed Norwood driving nearby.

Norwood challenges two subsequent searches based on this and other information: the search of Norwood's residence, which yielded two iPads and two mobile phones, and the search of those

---

[1] Doc. 53-1.
[2] Doc. 53-2, at 16.

-1-

Case No. 1:13-CR-94
Gwin, J.

devices.[3] Norwood says that much of the information provided to the issuing Magistrate in support of those warrants was stale. He further says that the timely evidence lacked sufficient indicia of credibility. Finally, he says that there was an insufficient nexus between the place to be searched and the evidence sought.

Probable cause for a search warrant exists if "there is a fair probability that contraband or evidence of a crime will be found in a particular place."[4] The reviewing judicial magistrate "is simply to make a practical, common-sense decision" whether all the facts and circumstances set forth in the supporting affidavit warrant "a reasonably prudent person" to believe that a crime has occurred and the place to be searched contained evidence thereof.[5] The magistrate reads the affidavit "not hypertechnically, but in a common sense fashion."[6] Where a magistrate judge has a "substantial basis" for concluding that a search would uncover evidence of wrongdoing, his decision will stand unless a reviewing court finds that he "arbitrarily exercised" his powers of determination.[7] The Fourth Amendment's exclusionary rule allows the "admission of evidence seized in reasonable, good faith reliance on a search warrant that is subsequently held to be defective."[8]

There was probable cause to issue the residence search warrant, which yielded probable cause

---

[3] Doc. 53.
[4] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).
[5] *Id.*
[6] *United States v. Ware*, 338 F.3d 476, 482 (6th Cir.2003).
[7] *Gates*, 462 U.S. at 238-39; *United States v. Leon*, 468 U.S. 897, 920 (1984); *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir.1993).
[8] *Leon*, 468 U.S. at 897. *See also United States v. Carpenter*, 360 F.3d 591, 596-97 (6th Cir.2004) (finding that the good faith exception applied because sufficient nexus existed between residence and illegal activity for police to reasonably believe a warrant valid); *United States v. Van Shutters*, 163 F.3d 331, 336 (6th Cir.1998) (finding that a search pursuant to a warrant is upheld where the affidavit described the residence, the items sought, and the defendant's counterfeiting scheme, but connected the place to the illegal activity only by stating that the residence "was available" to the defendant).

Case No. 1:13-CR-94
Gwin, J.

to issue the devices' search warrant. A month before the residential search warrant's issuance, officers observed a controlled purchase where a confidential informant entered Norwood's home and purchased drugs.[9] Authorities also had information from that same informant telling them that Norwood received shipments of cocaine from California—such as the FedEx parcel they subsequently searched.[10] These facts, taken together, establish "a fair probability that contraband or evidence of a crime will be found" in Norwood's residence.[11]

There was also probable cause to issue the search warrant for the devices found in the residence. Officers knew that of a number of conversations related by the informant, allowing the issuing Magistrate to fairly decide that there may be evidence of criminal activity on the communication devices.

But even if this were not the case, the officers acted in good faith reliance on the facially valid warrants. As such, the good-faith exception articulated in *Leon* applies. As in *Leon*, nothing here suggests that the affidavits supporting the search warrants contained deliberately false statements or statements made in reckless disregard for the truth.

IT IS SO ORDERED.

Dated: May 10, 2013            s/ *James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[9] Doc. 53-2, at 13.

[10] *Id.* Norwood says that it was improper for the authorities to trust this informant, who, Norwood says, has a history of lying. But, the informant's statements were consistent with other facts in the investigation, so as to justify the affiant's reliance.

[11] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).